UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARL CROMWELL | CIVIL ACTION |
| VERSUS | NO. 19-10461 |
| BP EXPLORATION & PRODUCTION, INC. ET AL. | SECTION "J" (2) |

Related to:   12-968 BELO
              in MDL 10-2179

## REPORT AND RECOMMENDATION

Plaintiff, Carl Cromwell, was employed as a clean-up worker along the Gulf Coast after the BP/Deepwater Horizon explosion and oil spill on April 20, 2010. Record Doc. No. 1 at ¶¶ 4, 10. Plaintiff seeks compensatory damages and related costs for later-manifested physical conditions that he allegedly suffered as a result of exposure to substances released after the oil spill. Id. at ¶¶ 10–17. Plaintiff's Notice of Intent to Sue and an attached death certificate indicate that he died on June 26, 2017, almost two years before the instant lawsuit was filed. Record Doc. No. 4-4 at p. 8. Plaintiff's Notice of Intent to Sue was signed by Yolanda Cromwell, purporting to be acting as plaintiff's authorized representative, but Yolanda Cromwell is not the named plaintiff and has not appeared in this action. Id. at pp. 6–7.

Defendants BP Exploration & Production, Inc. and BP America Production Company (collectively "BP") filed a motion to dismiss plaintiff's complaint. Record Doc. No. 4. BP argues that plaintiff failed to comply with the prerequisites of the Medical

Settlement Agreement because (1) plaintiff is deceased and therefore not a proper party; and (2) the proper documentation required by the BP/Deepwater Horizon Medical Benefits Class Action Settlement Agreement ("the Medical Settlement Agreement"), Record Doc. Nos. 6427-1 at 8218 in MDL No. 10-md-2179, confirming Yolanda Cromwell's legal authority to file a lawsuit and proceed on his behalf has not been provided. Record Doc. No. 4-3 at pp. 1–2, 4–5.

Local Rule 7.5 requires that a memorandum in opposition to a motion must be filed no later than eight (8) days before the noticed submission date. Plaintiff did not file an opposition to this motion. Therefore, the motion is deemed unopposed.

Having considered the motion, the complaint, the record and the applicable law, I recommend that BP's motion to dismiss be GRANTED and that plaintiff's complaint be DISMISSED **WITHOUT** PREJUDICE for the following reasons.

## ANALYSIS

The court-approved Medical Settlement Agreement is not a case management order. Instead, it is an unambiguous, binding contract that cannot be modified or altered without the express written consent of the Medical Benefits Class Counsel and BP's counsel. Record Doc. No. 6427-1 at § XXX(C) in 10-md-2179. The BELO lawsuit process is the exclusive remedy for class members who did not opt out of the settlement and who seek compensation for Later-Manifested Physical Conditions, as defined in the agreement. Id.

at § II(VV). The Medical Settlement Agreement establishes detailed conditions precedent that must be accomplished before filing a BELO lawsuit.

The Case Management Order ("CMO") governs basic procedural matters at the outset of BELO cases. The CMO permits the parties to move to dismiss an individual BELO complaint without prejudice for failure to satisfy the conditions precedent to filing a lawsuit as required in the Medical Settlement Agreement. Record Doc. No. 3, CMO at ¶ IV(1)(A).

When a Medical Benefits Settlement Class Member is deceased, his or her Authorized Representative "may act on his or her behalf" and "shall be bound by the same terms and conditions" of the Medical Settlement Agreement as the decedent would have been "if he or she were acting on his or her own behalf." Record Doc. No. 6427-1 at § III(A) in 10-md-2179. Under the Medical Settlement Agreement,

> AUTHORIZED REPRESENTATIVE shall mean, as to a NATURAL PERSON who is (1) a minor, (2) lacking capacity or incompetent, or (3) an estate of a deceased human being, that NATURAL PERSON'S guardian, conservator, tutor, executor, personal representative, administrator, or other representative authorized under or by operation of applicable law to protect the rights and interests of that NATURAL PERSON.

Id. at § II(G).

The Medical Settlement Agreement enumerates the steps that an Authorized Representative must satisfy as conditions precedent to filing a BELO lawsuit on behalf of a deceased Medical Benefits Settlement Class Member. An Authorized Representative must submit a Notice of Intent to Sue with "documentation confirming that such

AUTHORIZED REPRESENTATIVE is legally authorized to file a lawsuit on behalf of such MEDICAL BENEFITS SETTLEMENT CLASS MEMBER." Id. at § XXI(I)(10) (emphasis added). The Authorized Representative is required to identify the authority giving him or her the right to act on behalf of the decedent and "provide copies of documentation verifying [his or her] authority to act, such as a power of attorney or a court order stating his or her authority to act" or, if such documents are not available, "documents establishing [his or her] legal relationship" to the decedent. Record Doc. No. 6427-6 at p. 11 in 10-md-2179. The Authorized Representative of a decedent must also provide a copy of the decedent's death certificate. Id.

Plaintiff's purported Authorized Representative Yolanda Cromwell did not comply with the Medical Settlement Agreement's clearly defined prerequisites for filing a BELO lawsuit on behalf of a deceased Medical Benefits Settlement Class Member. In plaintiff's Notice of Intent to Sue, Yolanda Cromwell signed the notice as plaintiff's "Authorized Representative" and identified herself as plaintiff's spouse. Record Doc. No. 4-4 at pp. 6–7. The death certificate attached to plaintiff's Notice of Intent to Sue indicates that plaintiff was married to Yolanda Cromwell on the date of his death. Id. at p. 5. Yolanda Cromwell did not comply with the Medical Settlement Agreement's clear mandate that the Authorized Representative provide copies of documentation confirming her legal authority to file a lawsuit on behalf of plaintiff. The only documentation provided by Yolanda Cromwell is the death certificate, which merely identifies the marital relationship between Yolanda

Cromwell and plaintiff at the time of his death. Yolanda Cromwell's signature as "Authorized Representative" and the death certificate assure neither BP nor this court that she has the legal authority to file this BELO lawsuit on behalf of plaintiff.

The requirement to satisfy this condition precedent is not a mere case management tool, but is required by the court-approved Medical Settlement Agreement and is not subject to alteration. Because plaintiff is deceased and his purported Authorized Representative has neglected to submit documentation of her legal authority to act on plaintiff's behalf, plaintiff failed to satisfy the conditions precedent to filing a BELO complaint as required in the Medical Settlement Agreement.

## RECOMMENDATION

For all the forgoing reasons, it is **RECOMMENDED** that defendants' motion be **GRANTED** and that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to satisfy the conditions precedent to filing a BELO lawsuit on behalf of a deceased Medical Benefits Settlement Class Member as required in the Medical Settlement Agreement.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1] It is suggested, in these circumstances, that any objection to this report and recommendation filed by plaintiff's counsel should attach the required documentation establishing that Yolanda Cromwell is in fact plaintiff's legally Authorized Representative to pursue this claim.

New Orleans, Louisiana, this __3rd__ day of July, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] <u>Douglass</u> referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen (14) days.